IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KEITH MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13CV227 |
| | ) | |
| WYETH LLC, WYETH PHARMACEUTICALS, | ) | |
| INC., PFIZER INC., SCHWARZ PHARMA, INC., | ) | |
| SCHWARZ PHARMA AG, UCB GMBH, ALAVEN | ) | |
| PHARMACEUTICAL, LLC, BAXTER | ) | |
| HEALTHCARE CORPORATION, WOCKHARDT | ) | |
| USA, LLC, MORTON GROVE | ) | |
| PHARMACEUTICALS, INC., WATSON | ) | |
| LABORATORIES, INC., JOHN DOE | ) | |
| DEFENDANTS, | ) | |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE</u>

This matter is before the Court on two Motions to Dismiss for lack of prosecution. The first Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b) [Doc. #69] was filed by Defendants Alaven Pharmaceutical, LLC, Pfizer Inc., Schwarz Pharma, Inc. n/k/a UCB Inc., Wyeth LLC, and Wyeth Pharmaceuticals, Inc. The second Motion to Dismiss Pursuant to Rule 41(b) [Doc. #71] was filed by Defendant Watson Laboratories, Inc. Plaintiff was formerly represented by counsel, but upon their withdrawal has been proceeding *pro se* in this matter. Plaintiff has not responded to the motions. For the reasons set out below, the Court recommends that Defendants' Motions to Dismiss be granted.

This action was originally filed in Missouri state court, then removed to federal court in Missouri, and finally transferred to this Court. Plaintiff was represented by the law firm Carey and Danis of St. Louis, Missouri. Attorneys Jeffrey J. Lowe and Jacob A. Flint of that law firm moved to withdraw as Plaintiff Morgan's counsel after the action was transferred to this Court. This Court granted their motion and by Order dated April 24, 2013, they were terminated as counsel of record in this action. (Order dated April 24, 2013 [Doc. #66].) The April 24 Order further required "that within sixty days from the date of [the] Order, Plaintiff Keith Morgan must either: (1) retain new counsel who enters an appearance on his behalf in this action, or (2) file a notice of voluntary dismissal; or (3) send to this Court a notice of his intent to proceed *pro se*, setting out an address and telephone number" for service of process and court notifications. (Id. at 1-2.) The Court warned Plaintiff that failing to comply with the Order could result in his case being dismissed pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff's attorneys were ordered to send Plaintiff a copy of the Court's Order.

Plaintiff did not respond in any manner to the Court's April 24 Order. The Defendants subsequently filed the Motions to Dismiss now under consideration, with certificates of service showing that they were mailed to Plaintiff Morgan at the address that he had previously given to his attorneys: 1301 N. Fordham Rd., Chapel Hill, N.C. 27514. (Mot. to Withdraw [Doc. #63] Ex. 2.) This is the address now reflected on the Court's docket for Plaintiff. The Court also sent Plaintiff a letter advising him of his right to file a response in opposition to Defendants' motions. The Court has not received any response from Plaintiff.

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); see also Link v. Wabash R.R. Co., 370 U.S. 626, 629-32 (1962) (noting that federal courts have the inherent power to dismiss an action for failure to prosecute either sua sponte or on the motion of a party). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link, 370 U.S. at 629-30. In considering whether to impose such a dismissal, the Court should consider "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of 'a drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of a sanction less drastic than dismissal." Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982); see also Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989) (upholding dismissal of *pro se* plaintiff's claims, and noting that *pro se* litigants, like other litigants, "are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible").

In the present case, Plaintiff is proceeding *pro se* and bears responsibility for the failure to prosecute this action. In addition, the record reflects that prior to the withdrawal of his attorneys, Plaintiff failed to respond to multiple requests from his attorneys to advise them whether they could dismiss this action for deficiencies they noted or whether he would retain new counsel to represent him in this Court. (See Exhibits to Motion to Withdraw [Doc. #63]). Plaintiff also failed to comply with this Court's April 24, 2013 Order to advise the Court of

required information and elections, after being explicitly advised that his failure to comply could be considered as evidence that he no longer wished to prosecute this action. Further, Plaintiff has failed to respond to either of the pending Motions to Dismiss, despite being explicitly informed by the Court that his failure to respond "may cause the court to conclude that the defendants' contentions are undisputed and/or that you no longer wish to pursue the matter." (Letter dated September 26, 2013 [Doc. #73].) Finally, the Court concludes that in the circumstances, given the considerable passage of time with no response from Plaintiff, there is no alternative sanction short of dismissal that would be appropriate in this case. This same reasoning also supports dismissal of the claims against the Defendants who have not moved to dismiss. Therefore, the Court's recommendation is to dismiss the entire action with prejudice. See Link, 370 U.S. 626.

IT IS THEREFORE RECOMMENDED that the Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) [Doc. #69, #71] be GRANTED, and that this action be DISMISSED as to all Defendants with prejudice.

This, the 15th day of January, 2014.

/s/ Joi Elizabeth Peake<br>United States Magistrate Judge